IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDREA WASHINGTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. No. 4:22-1552 |
| § | |
| AMAZON.COM SERVICES LLC § | |
| § | |
| Defendant. § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

To the Honorable United States District Judge:

COMES NOW Andrea Washington ("Washington" or "Plaintiff"), and files her Original Complaint, complaining of Amazon.com Services LLC ("Amazon" or "Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive and equitable relief; compensatory, liquidated and actual damages; and costs and attorneys' fees for the adverse actions suffered by Plaintiff due to Defendant taking such adverse employment actions against him in violation of Title VII and Section 1981.

**PARTIES**

1. The plaintiff, Andrea Washington, is an African American individual who is an adult resident of Harris County, Texas.

2. The defendant, Amazon.com Services LLC, is a foreign limited liability company doing business in the State of Texas and organized and existing under the laws of the State of Delaware with its principal place of business located at 410 Terry Ave. North, Seattle,

1

Washington 98109.  Defendant may be served by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

4. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of Title VII.  Defendant is an employer qualified to do business in Texas and employs more than 500 regular employees.

## JURISDICTION & VENUE

5. Jurisdiction is invoked pursuant to 28. U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

6. The unlawful employment practices described herein were committed in the Southern District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Southern District of Texas.  Venue is invoked pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff timely filed a charge of discrimination (*EEOC Charge No.* 846-2021-08642C) with the Equal Employment Opportunity Commission ("EEOC") on October 14, 2021, to challenge the discrimination and retaliation suffered.  She received a right to sue letter on this charge and timely files this lawsuit to vindicate her rights.  Plaintiff has exhausted all applicable administrative remedies.

**FACTUAL BACKGROUND**

8. Plaintiff is an African American female. In November 2016, Plaintiff began her employment with Defendant as a Seasonal Fulfillment Associate assigned to the Amazon facility located in Katy, Texas known as DH01. On or about March 19, 2017, Plaintiff transitioned into a part-time Fulfillment Associate role at the DH01. Through Plaintiff's hard work and dedication, she became a full-time Shift Assistant on April 3, 2018; then became a Shift Manager (Level 5) on August 25, 2019; and on April 1, 2020, Plaintiff was promoted to a Level 5 Area Manager at the DH01.

9. Defendant is a multinational technology company headquartered in Seattle, Washington that focuses on e-commerce, cloud computing, digital streaming, and artificial intelligence.

10. In July 2020, Plaintiff participated in an internal investigation regarding complaints of racial discrimination by a fellow African American colleague, Keith Harris, concerning the disparate treatment he was being subjected to. Plaintiff provided statements reporting her personal accounts of Senior Operations Manager Nitin Gokhale's racial discriminatory behavior in support of Mr. Harris' complaint of race discrimination.

11. Following Plaintiff's participation in an investigation of racial discrimination against Mr. Gokhale opposing his conduct, he denied Plaintiff's promotion to a L6 compensation level in November 2020. Not understanding Mr. Gokhale's denial of Plaintiff's promotion she was objectively entitled and qualified to receive, she complained to Defendant's management official, L6 Operations Manager Andrew Lee. Mr. Lee asked Mr. Gokhale about his justification for denying Plaintiff the L6 promotion; however, Mr. Gokhale refused to provide any reasoning for his decision not to promote Plaintiff.

12. In December 2020, Plaintiff was made a point of contact for an employee engagement program called "Snappy Gifts." There was no training concerning the proper protocol or procedure in issuing "Snappy Gifts." Not having any formal training for the program, Plaintiff relied on the direction and instructions from upper management and Human Resources, including her Human Resources Business Partner Michal Jiro. Prior to issuing a Snappy Gift, Plaintiff would escalate her request before issuance. Therefore, Plaintiff was blind-sided by her termination on January 12, 2021 and even more dumbfounded by being told it was for her failure to make ethical judgments. Defendant never communicated any details by what it meant by her "failure to exercise ethical judgment" nor did it present any findings of an internal investigation into Plaintiff's purport work rule violations.

13. Plaintiff later discovered that Defendant cited the amount of Snappy Gift Plaintiff issued was its justification for her termination. This reasoning was even more problematic because Plaintiff issued the Snappy Gift at the directive of management and other non-African American Area Managers were not terminated even though they gave similar or more egregiously higher amounts of Snappy Gifts. This disparate treatment and retaliatory employment action are clear violations of Plaintiff's federally protected rights.

## CAUSES OF ACTION

13. <u>Title VII and Section 1981 Race Discrimination</u> – Based on the above facts, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981 when is subjected Plaintiff to disparate treatment because of her race, African American.

14. <u>Title VII and Section 1981 Retaliation</u> – Based on the above facts, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981 when it

retaliated against Plaintiff for engaging in a protected activity when she made complaints of disparate treatment and participated in an internal investigation into race discriminaiton.

## DAMAGES

15. As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to:

   a. Loss of wages and benefits, including front pay and back pay,

   b. Humiliation and embarrassment among coworkers and others,

   c. Mental anguish and emotional distress,

   d. Sustained damage to Plaintiff's credibility, and

   e. Sustained damages to Plaintiff's prospects of future employment.

## ATTORNEYS FEES

16. Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the LAW OFFICE OF CHUKWUDI EGBUONU, 4141 Southwest Freeway, Suite 390, Houston, Texas 77027 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## DEMAND FOR JURY TRIAL

17. Plaintiff hereby requests a jury trial for all claims

## PRAYER

WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

   a. Declare Defendant's conduct in violation of Plaintiff's rights;

   b. Enjoin the Defendant from engaging in such conduct;

   c. Award Plaintiff actual damages;

d. Order Defendant to pay Plaintiff back pay and front pay and benefits;

e. Award Plaintiff compensatory damages for mental anguish;

f. Award Plaintiff punitive damages to be determined by the trier of fact;

g. Award Plaintiff liquidated damages.

    Respectfully submitted,

    /s/ Chukwudi Egbuonu*
    Chukwudi Egbuonu
    State Bar No. 24081838
    Federal I.D. No. 2365112
    LAW OFFICE OF CHUKWUDI EGBUONU
    4141 Southwest Freeway, Suite 425
    Houston, Texas 77027
    Phone: (713) 635-9488
    Fax:    (832) 426-5792
    chuck@celawoffice.com

    * Attorney in charge for Andrea Washington